## INTRODUCTION

1.      I, Christopher H. Goehring, am a Detective with the Kent County Sheriff's Office and have been employed since 2012.  Additionally, I am a Task Force Officer of the Federal Bureau of Investigation (FBI) West Michigan Based Child Exploitation and Human Trafficking Task Force assigned to the Detroit Field Office, Grand Rapids Resident Agency.   During my employment, I have conducted investigations into allegations of violations of a wide variety of federal criminal laws, including violations related to child exploitation and child pornography, and I have experience in the enforcement of those laws since 2022.  I am familiar with the various statutes of Title 18, United States Code, Chapter 110 – sexual exploitation and other abuse of children, including violations pertaining to sexual exploitation and attempted sexual exploitation of children (18 U.S.C. § 2251(a)), distribution or receipt of child pornography (18 U.S.C.§ 2252A(a)(2)) and possession of child pornography (18 U.S.C. § 2252A(a)(5)(B)).

2.      I make this Continuation in support of an application for a criminal complaint against MICHAEL SIWEK (SIWEK) for the production of child pornography and possession of child pornography.  Child pornography includes any visual depiction of sexually explicit conduct where the production of the visual depiction involves the use of a minor engaging in sexually explicit conduct.  *See* 18 U.S.C. § 2256(8). Sexually explicit conduct includes graphic or simulated lascivious exhibition of the anus, genitals, or pubic area of any person.  *See* 18 U.S.C. §

1

2256(2(B).

3.    The statements contained in this Continuation are based upon information acquired during my investigation and information provided by other police officers.  Because this Continuation is being submitted to establish probable cause to secure a criminal complaint, I have not included every fact known to me concerning this investigation.  I have set forth only the facts I believe necessary to establish probable cause to believe that MICHAEL SIWEK produced child pornography in violation of 18 U.S.C. 2251(a).

## FACTS SUPPORTING PROBABLE CAUSE

4.    On December 3, 2024, law enforcement responded to a child pornography complaint from FEMALE A at a residence in Grand Rapids, Michigan.[1]

5.    FEMALE A, who was the first to talk to police, reported that she found multiple videos of child pornography of VICTIM 1, an eight-year-old child, on MICHAEL SIWEK's cellphone.[2]

6.    The cellphone is a Samsung Galaxy S24 Ultra.  It was manufactured outside the State of Michigan.

7.    FEMALE A explained that the video depicted VICTIM 1 in her bedroom in Grand Rapids, Michigan, getting dressed after bathing, fully nude, exposing her vagina to the camera.  The videos were captured by a camera positioned in VICTIM

---

[1] The full address is known to me, but I have omitted it because it contains personally identifiable information.
[2] VICTIM 1's name and address are known to me.

1's closet.

8.      When law enforcement initially responded to the scene, FEMALE A displayed to law enforcement the videos on SIWEK's cell phone that captured VICTIM 1 in her bedroom.  Law enforcement confirmed the videos captured were of a minor child fully nude while getting dressed in a bedroom.

9.      FEMALE A said she confronted SIWEK about the child pornography on his phone and told him she was calling the police.  FEMALE A kept the phone from SIWEK to prevent him from deleting any videos.

10.     Law enforcement contacted SIWEK in his home office.   On initial contact, law enforcement questioned him for their contact.  SIWEK said, "I set up a camera and took a short video of my stepdaughter getting dressed." He continued, "I don't know why I took the video and immediately tried to delete it, but apparently, I didn't delete it entirely."

11.     SIWEK said he was not in the bedroom when the camera was recording, but instead, he had placed a camera in the room to capture VICTIM 1.  SIWEK said he knew what he would capture when he set up the camera.

12.     SIWEK said he initially wanted to record the video but immediately deleted it after it was created.  When law enforcement asked SIWEK again why he wanted to take the footage, SIWEK replied, "I don't know.  It was very, very stupid."

13.     SIWEK said he did not post or send the videos anywhere.  When law enforcement questioned whether the videos were on any other devices, SIWEK said

no but was unsure if his cellphone synced up with any other devices.

14.    SIWEK said he has a cellphone and a laptop computer and provided law enforcement with the passcodes to both devices.

15.    Law enforcement maintained possession of SIWEK's Samsung S24 Ultra cellphone and HP Pavilion laptop computer for the protection of evidence and obtained a search warrant authorizing the physical extraction of both devices.

16.    After a review of the extraction of SIWEK's phone and computer, investigators located multiple photos and videos of child pornography on both devices.

## CONCLUSION

17.    Based upon the above information, I respectfully submit that there is probable cause to believe that MICHAEL SIWEK produced child pornography in violation of 18 U.S.C. § 2251(a).

18.    Wherefore, by this Continuation and Application, I respectfully request that the Court issue a warrant authorizing the arrest of MICHAEL SIWEK.